UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DREW TRACY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF VANCOUVER, <br><br> Defendant. | CASE NO. C17-5414 RBL <br><br> ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT |

THIS MATTER is before the Court on the City's Motion for Summary Judgment [Dkt. # 41] and on Plaintiffs' Cross-Motion for Summary Judgment [Dkt. # 28]. The Plaintiffs are eight current and former Vancouver Fire Department Battalion Chiefs. They sued, claiming the City has improperly characterized them as "exempt" for purposes of the Fair Labor Standards Act. They claim they are "first responders," not management, and the City owes them back pay (overtime) based on the hours they worked.

The City argues that the BCs agreed (in a collective bargaining agreement) more than a decade ago to "trade" a reduced shift-overtime rate for other benefits, and that that agreement remains in force. It argues that BCs are in any event "highly compensated employees (HCEs)" exempt from FLSA overtime coverage. It also argues their primary duties are management, and

that they spend less than 3% of their time as responding to emergency or other fire calls. Finally, the City argues that the FLSA two-year limitations period bars the claims of some or all of the BC plaintiffs.

The BCs argue that although they are "higher" in the Fire Department's paramilitary structure than Captains are, they do similar work for similar pay, and actually have less ability to issue discipline and to hire and fire firefighters. They claim they are "First Responders": they work 24-hour shifts and their primary duty is to respond to virtually every fire call. They are "shift supervisors" but deny that the evidence supports the claim that they manage others, or that they spend a significant amount of time training subordinates.

Each party seeks summary judgment on its own version of the case, emphasizing different aspects of the disputed factual record. Both tacitly acknowledge that the scope of the BCs' duties presents factual questions.

**A. Summary Judgment Standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. The moving party bears the initial burden of showing that there is no evidence that supports an element essential to the

nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24. There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. 242, 248 (1986).

**B.  The BCs primary duties are a question of fact.**

The parties' cross-motions address several issues, but the core dispute is over the BCs job description and duties. Each side asks the Court to determine the FLSA's applicability as a matter of law. 29U.S.C. §213(a) ["Section 13(a)"] exempts from the FLSA's overtime requirements those who are "bona fide executives."

29 CFR § 541.100 explains that such executives: make a minimum of $455 a week; are responsible for "management of the enterprise;" regularly direct the work of at least two others; and have hiring and firing authority (or, at least, input).

At the same time, § 541.3 holds that firefighters are not exempt, regardless of their rank or pay, where their **primary duty** is fighting fires.

"Highly Compensated Employees" are also exempt from Section 13(a)'s overtime requirements:

> (1) The employee receives total annual compensation of at least the annualized earnings amount of the 90th percentile of full-time nonhourly workers nationally; and
> (2) The employee customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive[.]

29 CFR §541.601(a) (the "HCE" test).

These authorities make only one thing clear: the BCs' exempt status depends on their primary duties.

Vancouver argues that the BC plaintiffs spend the "overwhelming majority" of their time on management tasks and emphasizes that they make more than those below them do. It also claims they have clear input into the Department's hiring, firing and discipline decisions[1].

The BCs argue that their primary duty is to be first responders to emergency calls, and that that is not an exempt position as a matter of law. They rely on statistical data and analysis to demonstrate that they spend the bulk of their time training and preparing to respond to emergency calls, actually responding to such calls, or documenting and debriefing after them. They claim they do not manage others, and that they are more like the firefighters below them than they are the administrators (like the Division Chiefs) above them. Indeed, they emphasize the Captains below them have more authority to discipline hire and fire than they do.

The BCs emphasize that the City bears the burden of proof to show they are exempt, and argue that on these facts, they are not exempt as executives —and exemption they claim must be narrowly construed. And, as the City argues, the BCs essentially argue that any fire department employee with any "first responder" responsibilities, even in a backup or supervisory role, is not exempt as a matter of law.

The City disputes both points. They argue that the Supreme Court recently rejected the notion that FLSA exemptions must be narrowly construed. *See Encino Motorcars*, *LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018) ("Courts have no license to give the exemption anything

---

[1] A civil service commission actually does the hiring and firing. The BCs claim they have no role in such decisions; the Captains (below them) do, instead.

but a fair reading."). And they argue that as HCEs, the BCs are exempt even if they do not satisfy all four elements of 29 CFR § 541.100's articulation of the Section 13(a)(1) exemption. They argue that under equally applicable CFR § 541.601, "so long as the plaintiffs' primary duty includes office or non-manual work," they are exempt.

The parties should not be terribly surprised that the Court cannot determine as a matter of law (on ~ 220 pages of briefing—most of it intensely factual—and supported by even more declarations and other evidence) what aspects of the BCs job description and duties takes the most time, whether they meaningfully participate in hiring and firing, and whether they are or managers or first responders. The competing motions demonstrate forcefully that the BCs' primary duties—the factual basis for the cross motions—is a hotly disputed question of fact requiring a trial.

The parties' cross-motions on this basis are **DENIED**.

**C. Tracy and Huffman were exempt when they acted as Division and Deputy Chiefs.**

The City also seeks summary judgment on a relatively discrete sub issue: whether BCs Tracy and Huffman are entitled to overtime for the hours they worked as Division and Deputy Chiefs.

The BCs argument on this point seems to be that they are entitled to overtime when they are first responders, which is discussed above. Unlike the abundance of evidence about their firefighting duties as BCs, there is no evidence from which a jury could find that even the Chiefs are non-exempt. The City's Motion on the limited question of the availability of overtime hours while two BCs were actually acting chiefs is **GRANTED**.

**D. The BCs' claims are subject to a two-year limitations period.**

Finally, the City seeks summary judgment on its claim that the FLSA's two-year limitations period, and not the three-year period applicable to "willful" violations, applies. The City claims the plaintiffs must show that it knew or showed reckless disregard for the matter of whether the FLSA was prohibited its conduct. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 1230 (1988).

There is no evidence that any violation was "willful," and the Plaintiffs have not responded to this argument in any event The City's Motion on the applicable two-year limitations period is **GRANTED**.

IT IS SO ORDERED.

Dated this 12th day of October, 2018.

Ronald B. Leighton
United States District Judge